UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANNE E. CHARLTON** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DANIEL I. WERFEL,** <br><br> **Defendant.** | Civ. No. 2:13-05236 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiffs Anne E. Charlton and Gary L. Francione bring this petition for a writ of mandamus directing the Internal Revenue Service to comply with four United States Tax Court decisions. This matter comes before the Court on (1) Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and (2) Defendant's motion to strike Plaintiffs' sur-reply to the motion to dismiss. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I.     BACKGROUND

Plaintiffs, who are married, seek a writ of mandamus in connection with their federal tax liabilities for the 2000, 2002, 2003, and 2004 tax years (the "Tax Years"). Compl. ¶ 1, ECF No. 1. Each Plaintiff received separate deficiency notices from the IRS for the Tax Years. Plaintiff Charlton challenged her deficiency notices by petitioning the Tax Court. *See* Compl. ¶ 1. Plaintiff Francione was not a party to those petitions. *See* Compl. Exs. 1-3. The Tax Court found, based on a stipulation of settled issues, that Plaintiff Charlton had no deficiency of income tax due, or additions of tax due, for the Tax Years. Compl. ¶ 2-5.

Plaintiff Francione did not challenge his deficiency notices in Tax Court. Accordingly, the IRS assessed federal income tax against Francione based on his notices, and began collection activities against him. With respect to the Tax Years, the IRS is currently collecting from only Francione, via a wage levy. Declaration of Margaret Loftus ("Loftus Decl.") ¶¶ 6-7, ECF No. 16-1. The wage levy relates to taxes due for the Tax Years, as well as taxes due for 2006 and 2007. Loftus Decl. ¶8. Additionally, the

IRS currently has levies against Charlton related to the 2006 and 2007 tax years.  Loftus Decl. ¶¶ 10-11.

Plaintiffs allege that, because they filed joint tax returns for the Tax Years, the Tax Court determinations regarding Charlton's tax liability also govern Francione's tax liability for the Tax Years.  Compl. ¶ 8.  Plaintiffs thus allege that Defendant's collection activities contravene the Tax Court's determinations.  They seek a writ of mandamus directing Defendant to comply with those determinations.  Defendant argues that Francione's liabilities are based on separate deficiency notices that were not subject to the Tax Court's determinations.  Defendant also argues that this Court lacks jurisdiction to grant the requested relief.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a factual attack, like the one in this case, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997).  The plaintiff bears the burden of proving that jurisdiction exists.  *Gould Electronics*, 220 F.3d at 178.

## III.    DISCUSSION

As a preliminary matter, Defendant moves to strike Plaintiffs' sur-reply to the motion to dismiss, which Plaintiffs filed without seeking leave of the Court.   The Court finds that the record and prior submissions are sufficient, and will grant the motion to strike.  *See* L. Civ. R. 7.1(d)(6); *Kearney Partners Fund, LLC v. United States*, No. 11-4075, 2012 WL 8134754, at *1 n.1 (D.N.J. July 13, 2012) ("It is in the court's discretion to disregard any sur-reply submitted without the permission of the Court, and permission is generally denied where the record and prior submissions are deemed sufficient.").

Turning to the motion to dismiss, although Plaintiffs insist that they merely seek to force the IRS to perform a ministerial duty by complying with the Tax Court's determinations, their Complaint clearly seeks declaratory and injunctive relief.  Plaintiffs' claims are thus barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Anti-Injunction Act, 26 U.S.C. § 7421(a).

Essentially, Plaintiffs would like this Court to declare that they owe no additional taxes for the Tax Years and to enjoin further collection efforts related to those liabilities.  Regarding Plaintiffs' request for declaratory relief, Congress has expressly prohibited a court from declaring the rights of litigating parties regarding federal taxes.  *See* 28 U.S.C. § 2201(a) (granting jurisdiction for declaratory relief "except with respect to Federal

taxes"); *Stuler v. United States*, 301 F. App'x 104, 106 (3d Cir. 2008). And as to Plaintiffs' request for injunctive relief, the Anti-Injunction Act provides that "[e]xcept as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). It does not appear that any of the statutory exceptions apply to this case.

Plaintiffs argue that a judicial exception to the Anti-Inunction Act exists where (1) it is "'clear that under no circumstances could the government ultimately prevail,' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). However, the burden is on the taxpayer to establish both prongs of the test. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974). Unless both prongs are met, injunctive relief is unwarranted. *See id.* Here, nothing in the record indicates that Defendant's arguments regarding Plaintiffs' tax liabilities are baseless. And Plaintiffs have other legal remedies available to them. For instance, Francione can pay the taxes owed and file a refund claim. *See United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 11 (1974). Accordingly, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to strike and motion to dismiss are each **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

       /s/ William J. Martini
       **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 18, 2014**